**WO**                                                                          LMH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart, | No. CV 05-1619-PHX-MHM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Dep't of Corrections, | |
| Defendant. | |

This is a civil rights action filed by a state prisoner.  In an Order filed November 4, 2005 (Dkt. #11), the Court dismissed Plaintiff's civil rights complaint because he named an immune defendant, the Arizona Department of Corrections.  Plaintiff has submitted an untimely First Amended Complaint (Dkt. #18) and requested that the amendment be accepted despite its untimeliness.  The Court will grant the motion but dismiss the First Amended Complaint with leave to amend.

**A.       Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th

1
2
3
4

Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.

5
6
7
8
9
10

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

11

**B.      First Amended Complaint.**

12
13
14
15
16

In his First Amended Complaint, Plaintiff names 32 Defendants and an additional number of unknown others "as they become known of various positions throughout" the Arizona Department of Corrections. (First Am. Compl. at 2D, ¶30.) Plaintiff brings 9 counts for relief regarding the disciplinary process, grievance process, retaliation, access to the courts, and religious exercise.

17

*1. Conclusory allegations*

18
19
20
21
22
23
24
25
26
27
28

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), cert. denied, 538 U.S. 921 (2003).  The Court must accept all allegations of material fact as true and construe them in the light most favorable to the prisoner.  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The complaint must provide fair notice of the Plaintiff's claims and the ground upon which they rest.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."  Fontana v. Haskin, 262 F.3d 871, 876-77 (9th Cir. 2001).  The factual allegations must be sufficient to raise at least an inference regarding the elements of the claim.  Hearns, 412 F.3d at 1043.

1    Plaintiff's allegations are not factually sufficient.  For the most part, his allegations

2    are conclusory.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (we

3    need not "accept as true allegations that are merely conclusory, deductions of fact, or

4    unreasonable inferences), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001).  For

5    example, in Count I, he alleges that "ambiguous wording" of the disciplinary policy allows

6    staff members to ride "roughshod" over his rights and that the appeal process failed "to meet

7    even the slightest levels of constitutional due process." (First Am. Compl. at 4.)   He further

8    alleges that the policy does not allow a fair avenue for relief, and that it has been misapplied

9    to him. Id.  Plaintiff has not, however, set forth factual allegations regarding what part of

10   the policy is ambiguous, nor has he stated how the policy was misapplied to him or how his

11   rights were violated.  His First Amended Complaint is full of similar conclusory allegations

12   that fail to provide fair notice of the claims.

13        Plaintiff's First Amended Complaint also fails to satisfy the rules for pleading.  Under

14   FED. R. CIV. P. 8(a), a complaint must contain a short and plain statement of the claim

15   showing that the pleader is entitled to relief.  The forms for the Federal Rules of Civil

16   Procedure contain an example of a standard negligence complaint:

17            1.  Allegation of jurisdiction.

18            2.  On June 1, 1936, in a public highway called Boylston Street
              in Boston, Massachusetts, defendant negligently drove a motor
19            vehicle against plaintiff, who was then crossing said highway.

20            3.  As a result plaintiff was thrown down and had his leg broken,
              and was otherwise injured, was prevented from transacting his
21            business, suffered great pain of body and mind, and incurred
              expenses for medical attention and hospitalization in the sum of
22            one thousand dollars.

23            Wherefore plaintiff demands judgment against defendant in the
              sum of ___ dollars and costs.
24

FED. R. CIV. P., Form 9.  The Ninth Circuit has explained that this form complaint "fully sets

25

26   forth who is being sued, for what relief, and on what theory, with enough detail to guide

27   discovery."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  "It can be read in

28   seconds and answered in minutes."  Id.

1    Although the Court does not always insist on technical compliance with the rules,

2    particularly when litigants are *pro se*, Plaintiff's allegations are not sufficiently detailed so

3    that the Defendants have fair notice of his claims.  It is unclear when the events occurred and

4    what exactly happened.   As a practical matter, it would be nearly impossible for the

5    Defendants to draft an answer to the Complaint in its present form.  Also, as discussed in

6    more detail below, these conclusory allegations fail to meet the elements of the legal claims.

7        *2.  One Claim Per Count*

8    Plaintiff's First Amended Complaint also violates the "one claim per count" rule.  The

9    "one claim per count" rule is set forth in the form Complaint and accompanying instructions,

10   and is a requirement imposed by the local rules of this Court.  See LRCiv 3.4(a) (complaint

11   must be in accordance with the instructions provided with the form).  Plaintiff's first count

12   for relief is four pages long and other than challenging the disciplinary process, Count I also

13   appears to challenged his right of religious exercise and right to be free from retaliation for

14   constitutionally-protected conduct.  (Compl. at 4C.)  Plaintiff must set forth each count for

15   relief separately.

16       *3.  Counts I - IX*

17   The Court will also address how the factual allegations in each count are insufficient

18   to state a claim.

19       **a.  Count I:  Disciplinary proceedings**
             **Count IX:  Reclassification**
20
21   Most of Plaintiff's allegations in Count I concern the disciplinary proceedings.  The

22   allegations seem to generally contend that Plaintiff was denied procedural due process

23   because of defects in the proceedings or impartiality.  In Count IX, Plaintiff further contends

24   that his due process rights were violated because he was reclassified as a sanction for

     disciplinary violations.
25
26   In analyzing a due process claim, the Court must first decide whether Plaintiff was

27   entitled to any process, and if so, whether he was denied any constitutionally-required

28   procedural safeguards.   For a prison disciplinary hearing, the procedural due process

     safeguards are:  (1) written notice of the charges, no less than twenty-four hours prior to the

1    hearing; (2) a written statement by the factfinders as to the evidence relied on and reasons

2    for the disciplinary action; and (3) a limited right to call witnesses and present documentary

3    evidence when it would not be unduly hazardous to institutional safety or correctional goals

4    to allow the inmate to do so.  Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974).  In addition,

5    there must be some evidence in the record to support the findings, and prisoners are entitled

6    to a hearing officer who is not so biased and dishonest as to suppress evidence.  Edwards v.

7    Balisok, 520 U.S. 641, 647-48 (1997).  Before these protections are due, however, the inmate

8    must have a life, liberty or property interest at stake.  Wolff, 418 U.S. at 566.

9          For example, the loss of good-time credits would place a liberty interest at stake.

10   Plaintiff, however, does not allege that he lost good-time credits.  Instead he focuses upon

11   reclassification, and he also mentions lockdown.  Neither fact standing alone places a liberty

12   interest at stake.   It is well-established under Supreme Court authority that a prisoner

13   typically has no liberty interest at stake in his transfer to a particular facility or a less

14   favorable classification.  See, e.g., Sandin v. Conner, 515 U.S. 472, 486 (1995) (thirty days

15   of segregation as punishment, when conditions were not atypical or significant and duration

16   of sentence was not affected); Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (transfer from

17   Hawaii to California); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427

18   U.S. 215, 244 (1976) (transfer from medium to maximum security); Montayne v. Haynes,

19   427 U.S. 236 (1976) (transfer from one maximum unit to another as punishment).  Also,

20   placement in segregation or detention, with nothing more alleged, or the loss of privileges,

21   does not implicate a liberty interest.  "Discipline by prison officials in response to a wide

22   range of misconduct falls within the expected perimeters of the sentence imposed by a court

23   of law."  Sandin, 515 U.S. at 481.

24         A prisoner may challenge a state action which does not restrain a protected liberty

25   interest, but which "nonetheless imposes atypical and significant hardship on the inmate in

26   relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484  In analyzing

27   whether the hardship is atypical and significant, three guideposts to consider are: (1) the

28   conditions of confinement; (2) the duration of the condition and the degree of restraint

imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. <u>Ramirez</u>, 334 F.3d at 861; <u>Keenan v. Hall</u>, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

In sum, to sustain a claim for procedural due process defects in the disciplinary process, Plaintiff must have a life, liberty or property interest at stake.  His allegations presently do not support that element of the claim.

### b.  Count II:  Equal Protection

To state a claim for a violation of the Equal Protection Clause, plaintiff must show that the defendants acted with intent or purpose to discriminate against the plaintiff based upon membership in a protected class.  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154 (1999). In Count II, Plaintiff asserts that there has been favoritism of "one race over another; one group over another or those who do not have psychological disorders over those who do." (First Am. Compl. at 5.) He claims that he was more severely punished and placed in a life-threatening position.  These allegations are conclusory and do not set forth sufficient factual allegations so that Defendants have fair notice of the claim.

### c.  Count III:  Retaliation

This Count also violates the "one claim per count" rule.  Count III contains three separate claims of retaliation.  First, he contends that his grievances were returned unprocessed or dismissed for procedural reasons to retaliate against him for using the grievance process.  Plaintiff names 12 Defendants, but does not allege how these Defendants were involved.  Second, Plaintiff claims that one Defendant threatened him with placement on the "abuse list," but then Plaintiff says that this will be "discussed later."  Thus, it is not clear whether he wishes to assert a claim based on these facts.  Third, Plaintiff asserts that he was retaliated against for refusing to work extra duty on the Sabbath when he had diarrhea, but Plaintiff does not identify the form of the retaliation.

In addition, a viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the

1   inmate's exercise of his First Amendment rights (or that the inmate suffered more than

2   minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal.

3   Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108

4   F.3d 265, 267 (9th Cir. 1997) (retaliation claims require an inmate must show (1) that the

5   prison official acted in retaliation for the exercise of a constitutionally-protected right, and

6   (2) that the action "advanced no legitimate penological interest"), cert. denied, 524 U.S. 936

7   (1998).   To sustain a retaliation claim, Plaintiff's allegations must satisfy the foregoing

8   elements.

9       **d. Count IV:   Eighth Amendment**

10      In Count IV, Plaintiff alleges that his placement in an isolation cell as a sex offender

11  for more than one week violated his right against cruel and unusual punishment.   Under the

12  Eighth Amendment, punishment may not be "barbarous"  nor may it contravene society's

13  "evolving standards of decency."   Rhodes v. Chapman, 452 U.S. 337, 346 (1981).   Only

14  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave

15  for an Eighth Amendment violation.   Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)

16  (quotation omitted), cert. denied, 532 U.S. 1065 (2001).   These are "deprivations of essential

17  food, medical care, or sanitation" or "other conditions intolerable for prison confinement."

18  Rhodes, 452 U.S. at 348.   Plaintiff has not alleged how the short time in isolation deprived

19  him of life's basic necessities.

20      Plaintiff also alleges that two Defendants locked him in "an exposed cage without

21  water, knowing he had reactions to the sun, for two hours because he refused to work on the

22  Sabbath and had diarrhea."   (First Am. Compl. at 6A.)   First, this additional claim violates

23  the "one claim per count" rule.   Second, Plaintiff has not set forth how he suffered a grave

24  deprivation.   To determine whether an Eighth Amendment violation has occurred, a Court

25  should consider the circumstances, nature and duration of a deprivation of the basic

26  necessities.   Johnson, 217 F.3d at 731.   "The more basic the need, the shorter the time it can

27  be withheld."   Hoptowit v. Ray, 682 F.2d 1287, 1259 (9th Cir. 1982).   Plaintiff admits the

28  placement was for only two hours, and he has not set forth how the temporary placement

1    caused him to suffer any harm.  For example, he has not alleged that he actually did have a

2    reaction to the sun or that he suffered dehydration.

3         An Eighth Amendment claim also requires a sufficiently culpable state of mind by the

4    Defendants, known as "deliberate indifference."  Farmer v. Brennan, 511 U.S. 825, 834

5    (1994). To act with deliberate indifference, a prison official must both know of and disregard

6    an excessive risk; the official must both be aware of facts from which the inference could be

7    drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.

8    at 837.  Plaintiff has not alleged how the Defendants who placed him in the cage acted with

9    deliberate indifference to a risk to his health.

10        **e. Count V: Double Jeopardy**

11        Plaintiff alleges that he was punished more than once for the same offense.  It is

12   unclear whether he refers to disciplinary convictions or to the convictions that landed him

13   in prison in the first place.  This claim is too conclusory.

14        He also alleges that he was reclassified to higher custody units.  This allegation does

15   not state a claim for a violation of the Double Jeopardy Clause, which provides that no

16   person shall "be subject for the same offense to be twice put in jeopardy of life or limb."

17   U.S. CONST. AMEND. V. Reclassification, even when as a result of disciplinary proceedings,

18   does not implicate double jeopardy concerns.  See United States v. Mayes, 158 F.3d 1215,

19   1219-25 (11th Cir. 1998) (prison disciplinary sanctions do not constitute punishment for

20   purposes of Double Jeopardy Clause), cert. denied, 525 U.S. 1185 (1999).  This claim fails

21   to warrant any relief.

22        **f. Count VI: Access to courts**

23        The right of meaningful access to the courts prohibits state officials from actively

24   interfering with inmates' attempts to prepare or file legal documents.  Lewis v. Casey, 518

25   U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or

26   complaints to federal court and not a right to discover such claims or even to litigate them

27   effectively once filed with a court.  Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899

28   (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil

1  rights complaint of a person in state custody will reach a court for consideration.")  The right

2  "guarantees no particular methodology but rather, the conferral of a capability – the

3  capability of bringing contemplated challenges to sentences or conditions of confinement

4  before the courts." Lewis, 518 U.S. at 356.

5       As a matter of standing, for an access to courts claim, a plaintiff must show that he

6  suffered an "actual injury" with respect to contemplated litigation; the plaintiff must

7  demonstrate that the conduct of the defendants prevented him from bringing to court a

8  nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. An "actual injury"

9  is "actual prejudice with respect to contemplated or existing litigation, such as the inability

10  to meet a filing deadline or present a claim." Id. at 348.

11       To sustain an access to courts claim, Plaintiff's allegations must satisfy the foregoing

12  elements.  Presently, he alleges only that he has "almost" missed deadlines, which does not

13  demonstrate an "actual injury."  Plaintiff also has not clearly set forth allegations regarding

14  the type of lawsuit he had brought, which must have been a nonfrivolous habeas or civil

15  rights action.  See Lewis, 518 U.S. at 351-53.  He simply refers to the list of lawsuits he has

16  filed, and many of those were dismissed.  His conclusory allegations fail to state a claim.

17       **g.  Count VII:  Free exercise**

18       Plaintiff alleges that in 2002, he was punished for refusing to work on the Sabbath.

19  Failure to state a claim includes circumstances where a defense is complete and obvious from

20  the face of the pleadings.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying

21  former § 1915(d) which is now codified at 28 U.S.C. § 1915(e)(2)(B)).  In the absence of

22  waiver, the Court may raise the defense of statute of limitations *sua sponte*.  See Levald, Inc.

23  v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993), cert. denied, 510 U.S. 1093

24  (1994).  See also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to

25  dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); Nasim v.

26  Warden, Maryland House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same),

27  cert. denied, 516 U.S. 1177 (1996); Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir. 1995) (same);

28

1   Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943

2   F.2d 104, 107-08 (1st Cir. 1991) (same), cert. denied, 502 U.S. 1063 (1992).

3          In § 1983 actions, the applicable statute of limitations is the forum state's statute of

4   limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985);

5   Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).  The Arizona statute of limitations

6   for personal injury actions is two years.  See A.R.S. § 12-542(1); Madden-Tyler v. Maricopa

7   County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.  Plaintiff's free

8   exercise claim accrued in 2002 and this action was filed more than two years later.  The

9   claim therefore appears to be time-barred.

10         **h.  Count VIII:  Grievance system**

11         Plaintiff asserts that his due process rights were violated because his grievances were

12   either "misunderstood, misapplied or totally disregarded" by various Defendants.  An inmate

13   has no free-standing constitutional right to a grievance process.  In Mann v. Adams, 855 F.2d

14   639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898 (1988), the Ninth Circuit held that a

15   prisoner does not have a protected liberty interest in prison grievance procedures.  Other

16   circuits have held similarly.  See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996);

17   Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 510 U.S. 1022 (1995); Flick v.

18   Alba, 932 F.2d 728, 729 (8th Cir. 1991).  Thus, the fact that the grievances were denied does

19   not state a claim.

20         Plaintiff also alleges that if he were to grieve his reclassification, he might incur the

21   same results or retaliation.  A claim is stated when an inmate is retaliated against for using

22   the  grievance  system.    See  Bradley v. Hall, 64  F.3d  1276,  1279  (9th  Cir.  1995);

23   Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989).  Plaintiff's allegation that

24   he "might" be retaliated against is too speculative and fails to state a claim.  Moreover, an

25   additional retaliation claim in this count would violate the "one claim per count" rule.

26

27

28

1  **C.      Leave to Amend.**

2      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

3  a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

4  deficiencies outlined above.   The Clerk of Court shall provide Plaintiff with a Court-

5  approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

6  complaint must be retyped or rewritten in its entirety on the court-approved form and may

7  not incorporate any part of the original Complaint by reference.  Any amended complaint

8  submitted by Plaintiff should be clearly designated as such on the face of the document.

9      An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

10  F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard

11  Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading

12  is treated as nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an

13  original complaint which are not alleged in an amended complaint are waived.  King v.

14  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

15      **Plaintiff is warned that no further opportunities to amend will be granted**.  He

16  is cautioned to carefully read the Court's Order and draft his Second Amended Complaint

17  appropriately.

18  **D.      Warning of Possible Dismissal.**

19      Plaintiff should take note that if he fails to timely comply with every provision of this

20  Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-

21  61(district court may dismiss action for failure to comply with any order of the Court).

22  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff

23  fails to file an amended complaint correcting the deficiencies identified in this Order, the

24  dismissal of this action will count as a "strike" under the "three strikes" provision of the

25  Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

26  **E.      Motion for Copies.**

27      Plaintiff also filed a motion for copies of documents (Dkt. #15).  Plaintiff suggests that

28  he requires the copies to file his amended complaint.  Copies of exhibits are not required for

a complaint, and Plaintiff has already submitted his amendment.  The Court notes that Plaintiff may make handwritten copies of pleadings before mailing them, and he may submit handwritten copies to the Court.  He has no constitutional right to free photocopies.  See Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989).  Accordingly, the motion will be denied as moot.

**IT IS THEREFORE ORDERED THAT:**

(1)  Plaintiff's Motion for Copies (Dkt. #15) is **denied**.  His Petition to Excuse Delay (Dkt. #17) is **granted**.

(2)  The First Amended Complaint (Dkt. #18) is **dismissed** for failure to state a claim.

(3)  Plaintiff shall have **30 days** from the date this Order is filed to file a Second Amended Complaint in compliance with this Order.  **No further opportunities to amend will be granted**.

(4)  The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file a Second Amended Complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

(5)  The Clerk of Court shall provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

DATED this 19th day of May, 2006.

_____
Mary H. Murguia
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  Underline: General Information About the Civil Rights Complaint Form:

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

      You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| --- | --- | --- |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of_____(month)_____, (year) , to:
Name: _____
Address:_____
　　　Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

3

information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**
You must identify what rights the defendant(s) violated. The form provides space to allege three separate counts (one violation per count). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX  PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

**FINAL NOTE**
You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,  )
(Full Name of Plaintiff)                              )
          Plaintiff,       )
                        )
          vs.            )   **CASE NO.** _____
                        )            (To be supplied by the Clerk)
_____,  )
                        )
_____,  )
                        )   **CIVIL RIGHTS COMPLAINT**
_____,  )   **BY A PRISONER**
                        )
_____,  )   ☐ Original Complaint
(Full Name of Each Defendant)                 )   ☐ First Amended Complaint
      Defendant(s).     )   ☐ Second Amended Complaint
_____  )

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

       a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

       b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

       c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
     Present mailing address: _____.
                **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span style="margin-left:3em">(Position and Title)</span> <span style="margin-left:20em">(Institution)</span>

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span style="margin-left:3em">(Position and Title)</span> <span style="margin-left:20em">(Institution)</span>

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span style="margin-left:3em">(Position and Title)</span> <span style="margin-left:20em">(Institution)</span>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span style="margin-left:3em">(Position and Title)</span> <span style="margin-left:20em">(Institution)</span>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

     b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

     c.   Case or docket number: _____ .

     d.   Claims raised: _____
_____
_____

     e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____ .

     f.   Approximate date lawsuit was filed: _____ .

     g.   Approximate date of disposition: _____ .

4.   Second prior lawsuit:

     a.   Parties to previous lawsuit:

         Plaintiff: _____ .

         Defendants: _____
_____ .

     b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

     c.   Case or docket number: _____ .

     d.   Claims raised: _____
_____
_____

     e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____ .

     f.   Approximate date lawsuit was filed: _____ .

     g.   Approximate date of disposition: _____ .

5.   Third prior lawsuit:

     a.   Parties to previous lawsuit:

         Plaintiff: _____ .

         Defendants: _____
_____ .

     b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

     c.   Case or docket number: _____ .

     d.   Claims raised: _____
_____
_____

     e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_
_____ .

     f.   Approximate date lawsuit was filed: _____ .

     g.   Approximate date of disposition: _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)       ☐ Mail          ☐ Access to the court       ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
     Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
     authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                              ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count I?   ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not. _____

          _____.

## COUNT II

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)    ☐ Mail        ☐ Access to the court      ☐ Medical care
     ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not.  _____
     _____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)        ☐ Mail          ☐ Access to the court     ☐ Medical care
                                   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
                                   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                        ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.