**WO**                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart, ) | No. CV 05-1619-PHX-MHM (VAM) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Arizona Department of Corrections, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff Jenghiz K. Stewart's Motion "Seeking Relief from Order Pursuant [to] Rule 60(b)(6)[,] Fed. R. Civ. P." (Doc. #28). The Court will deny the motion.

**I. Procedural Background**

On May 27, 2005, Plaintiff, who is confined in the Arizona State Prison Complex in Buckeye, Arizona, filed a civil rights action (Doc. #1). In a November 4, 2005 Order (Doc. #11), the Court dismissed Plaintiff's Complaint because he had named an immune defendant and granted Plaintiff leave to amend his Complaint.

On March 22, 2006, Plaintiff filed his First Amended Complaint (Doc. #18), in which he asserted 9 counts against 33 named Defendants. In a May 26, 2006 Order (Doc. #20), the Court issued a detailed, 12-page Order dismissing Plaintiff's First Amended Complaint because it contained conclusory allegations, failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure, violated the "one claim per count" rule, contained factual allegations insufficient to state a claim, and raised claims that were outside the statute of limitations. After attempting to explain the numerous deficiencies in Plaintiff's First

Amended Complaint, the Court granted Plaintiff leave to file a second amended complaint. However, the Court specifically stated that

> **Plaintiff is warned that no further opportunities to amend will be granted.** He is cautioned to carefully read the Court's Order and draft his Second Amended Complaint appropriately.

On June 21, 2006, Plaintiff filed a "Motion for Extension of Time to File Second Amended Complaint" (Doc. #22). In that motion, Plaintiff requested an extension of time to file a second amended complaint "[e]ven though the Plaintiff is uncertain as to how he can cure the deficiencies in this Second Amended Complaint." On July 17, 2006, Plaintiff filed a "Petition to Forgive Plaintiff's Untimeliness and Excessiveness of Second Amended Complaint" (Doc. #23). On July 17, 2006, the Clerk of Court lodged Plaintiff's Second Amended Complaint (Doc. #24).

In a September 13, 2006 Order (Doc. #25), the Court granted Plaintiff's Motion for Extension of Time and his Petition to Forgive and reviewed the Second Amended Complaint. The Court noted that Plaintiff had failed to comply with the Court's May 26, 2006 Order. Specifically, the Court found that, although Plaintiff had reduced the number of claims (6) and defendants (25) in his Second Amended Complaint, the Second Amended Complaint was 45 pages long, two-thirds *longer* than the First Amended Complaint, and came no closer to a viable complaint than its predecessor. Therefore, the Court dismissed the Second Amended Complaint without leave to amend, noting that further opportunities to amend would be futile in light of the fact that Plaintiff had made three efforts at crafting a viable complaint and appeared unable to do so. In accordance with the Court's Order, the Clerk of Court entered judgment on September 13, 2006 (Doc. #27).

On October 2, 2006, Plaintiff filed a Motion "Seeking Relief from Order Pursuant [to] Rule 60(b)(6)[,] Fed. R. Civ. P." (Doc. #28) and a supporting affidavit (Doc. #29).

**II.  Rule 60(b)(6) Motion**

In his motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff requests that the Court provide him with "yet another opportunity to bring this claim with the assistance of counsel due to his confusion and inability to comply with the Court's

1   Order." Plaintiff asserts that his psychological disorders cause him to get confused, have
2   racing thoughts, and become delusional; that he is taking psychotropic medication which
3   renders him physically and psychologically unstable; that he is confused about the legal
4   procedures and does not understand what the Court requires; that he needs the assistance of
5   counsel to understand what he is required to do; and that he believes he has complied with
6   Rule 8 of the Federal Rules of Civil Procedure and has stated a claim.

7      "Motions to reconsider are appropriate only in rare circumstances." Defenders of
8   Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion
9   for reconsideration is to correct manifest errors of law or fact or to present newly discovered
10  evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions
11  should not be used for the purpose of asking a court "'to rethink what the court had already
12  thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351
13  (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.
14  1983)).

15     Under Rule 60(b)(6) of the Federal Rules of Civil Procedure, reconsideration is
16  appropriate "only upon a showing of . . . 'extraordinary circumstances' which would justify
17  relief." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Rule 60(b)(6) only
18  applies in "extraordinary circumstances" and "has been used sparingly as an equitable
19  remedy to prevent manifest injustice." United States v. Alpine Land & Reservation Co., 984
20  F.2d 1047, 1049 (9th Cir. 1993).

21     Plaintiff's motion is a request for the Court to rethink its prior decision. In prior
22  filings, Plaintiff made assertions regarding his psychological issues and his lack of
23  understanding and requested counsel. The Court previously concluded that the appointment
24  of counsel was not appropriate in this civil case. In addition, the Court adequately attempted
25  to accommodate Plaintiff's asserted limitations by granting Plaintiff two opportunities to
26  amend his complaint and by issuing a 12-page order that devoted 9 pages to informing
27  Plaintiff of the deficiencies and defects in his First Amended Complaint and providing
28  sufficient information so that Plaintiff had a reasonable opportunity to cure the deficiencies

1  and defects.  These accommodations, however, did not result in Plaintiff crafting a viable
2  complaint.  "[Y]et another opportunity" would be futile.
3       Having considered the Plaintiff's Rule 60(b)(6) motion and supporting affidavit, the
4  Court finds no extraordinary circumstances to justify the Court altering or granting relief
5  from the Court's September 13, 2006 Order and judgment.
6       **IT IS ORDERED** that Plaintiff's Motion "Seeking Relief from Order Pursuant [to]
7  Rule 60(b)(6)[,] Fed. R. Civ. P." (Doc. #28) is **denied**.
8       DATED this 7th day of December, 2006.

_____
Mary H. Murguia
United States District Judge